USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    12/3/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    -against-

MARKEL GREEN

                Defendant.

---

No. 17-CR-506-6 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

*Pro se* Defendant Markel Green ("Green" or "Defendant") moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 522, Dft. Mot., ECF No. 533, Amend. Mot.) On January 8, 2020, Green pleaded guilty pursuant to a plea agreement to racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One) and conspiracy to possess a stolen firearm, in violation of 18 U.S.C. §§ 371 and 922(j) (Count Two) (ECF No. 539, Gov't. Opp. at 2.) On September 21, 2021, the Court imposed a below-Guidelines sentence of 240 months' imprisonment on Count One and 60 months on Count Two, to run concurrently, followed by five years of supervised release (*Id.* at 3.)

Green is currently housed at Federal Correction Institution Danbury, where he has served approximately 97 months—about 40 percent of his sentence—and his projected release date is August 31, 2033 (Gov't. Opp. at 3.) He seeks a reduction of his 240-month custodial sentence based on his medical condition, the conditions of confinement he experienced during the COVID-19 pandemic, his age at the time of the offense, and his claimed rehabilitation. (*See generally* Dft. Mot.) The Government opposes the motion. (Gov't. Opp.)

    For the reasons set forth below, Defendant's motion for compassionate release is DENIED.

**LEGAL STANDARD**

1

Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA"), a court may reduce a term of imprisonment only after the defendant has exhausted administrative remedies, and only if—after considering the factors set forth in 18 U.S.C. § 3553(a)—it finds that "extraordinary and compelling reasons" warrant such a reduction and that the reduction is consistent with applicable Sentencing Commission policy statements. See *United States v. Saladino*, 7 F.4th 120, 124 (2d Cir. 2021); *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (finding that both "extraordinary and compelling reasons" and the support of § 3553(a) factors are required for relief). The exhaustion requirement is mandatory and not subject to judicial waiver. See *Ross v. Blake*, 578 U.S. 632, 638–39 (2016). Once exhaustion is satisfied, the Court must determine whether the defendant has demonstrated: (1) extraordinary and compelling reasons; (2) that a reduction is consistent with U.S.S.G. § 1B1.13 (the relevant Sentencing Guidelines policy statement), which is now binding and requires, among other things, that the defendant not pose a danger to the community; and (3) that the § 3553(a) factors weigh in favor of a reduction. See U.S.S.G. §§ 1B1.13(a)(2), (b).

Application of the § 3553(a) factors requires the Court to consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," the need "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment," "to afford adequate deterrence," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a); *United States v. Daugerdas*, 613 F. Supp. 3d 807, 812 (S.D.N.Y. 2020). The defendant bears the burden of satisfying each of these requirements. See *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992).

### DISCUSSION

The Court DENIES Defendant's motion for compassionate release because he has not shown extraordinary and compelling circumstances to warrant his release and the § 3553(a) factors weigh strongly against modifying his sentence.

## I.    Exhaustion of Administrative Remedies

The Court finds that Green sufficiently exhausted administrative remedies prior to bringing his motion. Courts may consider compassionate release motions brought by an incarcerated defendant only if he or she has either (1) fully exhausted the administrative process available at the correctional facility or (2) waited for thirty days after serving his or her petition on the warden of the facility.  18 U.S.C. § 3582(c)(1)(A). Green submitted a request for compassionate release to the warden at FCI Danbury on or about December 8, 2025. (Gov't Opp. at 3, Ex. B.) The Bureau of Prisons ("BOP") has no record of the "FCI Danbury warden having responded to Green's request." (*Id.*) Because more than thirty days elapsed between the submission of Green's request and the filing of his motion, the Court finds that he has satisfied the exhaustion requirement. The Court therefore proceeds to the merits.

## II.    Failure to Show Extraordinary and Compelling Reasons for Sentence Reduction

Having met the procedural threshold, Green asserts that four factors together present extraordinary and compelling reasons for release: (1) his diagnosis of ulcerative colitis; (2) the harsh conditions of confinement during the COVID-19 pandemic; (3) his youth at the time of the offense; and (4) evidence of post-sentencing rehabilitation. (*See generally* Dft. Mot.) These factors are not extraordinary and compelling reasons to warrant early release.

### a.  Medical Condition

Green's ulcerative colitis does not constitute an extraordinary and compelling reason for release. A medical condition qualifies as "extraordinary and compelling" only where it

"substantially diminishes the ability of the defendant to provide self-care within the correctional facility" or where the Bureau of Prisons ("BOP") cannot provide adequate medical treatment. U.S.S.G. § 1B1.13(b)(1); *see also United States v. Jones*, 17 F.4th 371, 374–75 (2d Cir. 2021) (explaining that a defendant must show a severe medical limitation that the BOP cannot manage).

Green argues that his ulcerative colitis, a chronic inflammatory disease requiring daily medication, heightens his risk from COVID-19 and warrants early release. (Dft. Mot. at 6–8.) BOP medical records, however, show that his condition is stable, managed with mesalamine—a non-immunosuppressive anti-inflammatory—and monitored through regular chronic-care visits. (Gov't Opp. at 3; Ex. A at 1–2.) He receives uninterrupted access to medication, and FCI Danbury currently reports no active COVID-19 cases. (*Id.*) The record contains no indication that Green's condition impairs self-care, requires hospitalization, or places him at a level of medical vulnerability beyond the BOP's ability to accommodate.

Moreover, Green declined the COVID-19 vaccination. (*Id.* at 6; Ex. A at 28.) Courts in this District consistently find that refusal of a readily available, highly effective vaccine undermines any assertion of extraordinary medical risk *See United States v. Pierre*, No. 16 Cr. 673 (GBD), 2025 WL 1518001, at *5 (S.D.N.Y. May 28, 2025) (denying relief where defendant refused vaccination); *United States v. Mascuzzio*, No. 16 Cr. 576 (JFK), 2021 WL 794504, at *3 (S.D.N.Y. Mar. 2, 2021) ("[defendant's] voluntary refusal of an approved vaccine that is 'highly effective at preventing COVID-19" fails to make defendant's health issues extraordinary and compelling.) This refusal, when coupled with well-controlled symptoms and consistent medical oversight, substantially weakens any assertion that Defendant faces an extraordinary risk within the meaning of § 1B1.13(b)(1).

Thus, while the Court is sympathetic to Defendant's medical issues, he has failed to demonstrate how his medical condition rises to the level of "extraordinary and compelling reasons" warranting a sentence reduction.

**b. Harsh Conditions of Confinement**

Green's asserted harsh confinement conditions during the COVID-19 pandemic likewise do not amount to an extraordinary and compelling reason for compassionate release. Under § 3582(c)(1)(A), relief is reserved for truly exceptional circumstances, not hardships broadly shared by all inmates. *See United States v. Farmer*, No. 19-CR-427 (LTS), 2022 WL 47517, at *3* (S.D.N.Y. Jan. 5, 2022) (holding that "generalized statements about the conditions of confinement do not constitute compelling reasons for compassionate release*")*; *United States v. Feliz*, No. 09 CR. 195-2 (GBD), 2025 WL 2443701, at *4 (S.D.N.Y. Aug. 25, 2025) (same). Green contends that prolonged lockdowns, restricted visitation, and reduced programming rendered his incarceration unreasonably harsh. (Dft. Mot. at 2–3.) The Court does not discount the significant challenges posed by pandemic-era confinement. Yet these conditions were experienced throughout the BOP, and Green identifies no individualized factor—such as a unique medical vulnerability, a deprivation of necessary treatment, or extreme facility-specific hardship—that distinguishes his experience from that of other inmates. Further, the threat of COVID-19 has substantially diminished, and Green was sentenced in September 2021—well after pandemic conditions had fully materialized—such that the Court already accounted for these circumstances in imposing a below-Guidelines sentence. (ECF No. 437, Sentencing Tr. at 11–12.)

The Court therefore finds that Defendant fails to meet his burden to demonstrate that his confinement conditions rise to the level of "extraordinary and compelling reasons" warranting a sentence reduction.

### c. Youth at Time of Sentencing

Green's age at the time of the offense does not constitute an extraordinary and compelling reason for release. While courts may consider youth-related characteristics under § 1B1.13, youth alone—even substantial youth—is insufficient to meet the "extraordinary and compelling" standard, particularly where it was accounted for at sentencing. *See United States v. Santiago*, No. 98 CR 290-01 (CM), 2025 WL 1056902, at *9 (S.D.N.Y. Apr. 8, 2025) (motion for compassionate release denied despite defendant's age at the time of offense); *United States v. Acosta*, No. 17-CR-487 (KMW), 2025 WL 733250, at *3 (S.D.N.Y. Mar. 7, 2025) (same). Green asserts that his difficult upbringing and the fact that he was seventeen at the time of the murder mitigate his culpability. (Dft. Mot. at 3.) The Court does not discount the relevance of adolescence or the challenges reflected in his personal history. But these factors were fully considered at sentencing, where the Court acknowledged his youth and background, and imposed a below-Guidelines sentence that already reflected those mitigating circumstances. (*See generally* Sentencing Tr., ECF No. 413, Dft. Judgment.) Nothing in Green's motion identifies a post-sentencing development that renders his youth newly extraordinary or compelling under § 3582(c)(1)(A).

Accordingly, Green's age and upbringing, while significant, do not establish extraordinary and compelling reasons for a sentence reduction.

### d. Post-Sentencing Rehabilitation

Finally, Green's rehabilitative efforts do not constitute extraordinary and compelling reasons for release. Green points to his "steady employment through incarceration," absence of disciplinary infractions, and participation in programming such as community re-entry as evidence of rehabilitation. (Dft. Mot. at 8–9.) The Court commends these efforts. However, rehabilitation—even meaningful or exemplary rehabilitation—cannot, standing alone, satisfy § 3582(c)(1)(A).

*United States v. Webb*, No. 12 Cr. 111 (CS), 2023 WL 9022874, *at 2 (S.D.N.Y. Dec. 29, 2023)* (noting that "good conduct in prison is not uncommon, and indeed expected.") Courts in this Circuit consistently hold that even exceptional institutional adjustment—such as faultless disciplinary records or extensive programming—does not meet the extraordinary-and-compelling threshold absent some additional, exceptional circumstance. *United States v. Raposo*, No. 98 Cr. 185 (JPC), 2023 WL 142786, at *7 (S.D.N.Y. Jan. 10, 2023)* (denying relief despite "nearly faultless" disciplinary record and extensive rehabilitative work); *United States v. Alimehmeti,* No. 16 CR. 398 (PAE), 2024 WL 4880197, at *8 (S.D.N.Y. Nov. 25, 2024). Green offers no such circumstance here. Moreover, to the extent his rehabilitative potential was relevant, the Court considered that factor at sentencing and imposed a below-Guidelines term in part because of his demonstrated capacity for change. (*See generally* Sentencing Tr., ECF No. 413, Dft. Judgment.)

Thus, Green's rehabilitative progress, while positive and encouraging, does not amount to an extraordinary and compelling reason for relief under § 1B1.13.

### III.    Section 3553(a) Factors

Even if extraordinary and compelling reasons existed, the § 3553(a) factors weigh decisively against reducing Green's sentence. Application of § 3553(a) requires the Court to consider the offense's nature, the defendant's history, and the need for punishment, deterrence, respect for the law, and public protection. 18 U.S.C. § 3553(a). Green's conduct was exceptionally serious: he participated in a premeditated gang murder at age seventeen, remained a gang member after the murder, continued to possess firearms in connection with the gang, and later engaged in at least two gang-related shootings. (PSR ¶¶ 29–31; Opp. at 2–3.)

Accordingly, Green's 240-month sentence—already well below the advisory Guidelines range of 292–300 months—appropriately reflects the seriousness of the crimes, promotes respect

for the law, provides just punishment, and affords deterrence. *See* 18 U.S.C. § 3553(a)(2)(A)–(C). Further reduction of Green's sentence would upset the balance the Court carefully struck at sentencing and diminish the weight of the statutory goals underlying § 3553(a). While the Court recognizes Green's positive institutional record and rehabilitative progress, those developments do not outweigh the need for the sentence to reflect the seriousness of his crimes and the danger his conduct posed to the community. *See United States v. Roney*, 833 F. App'x 850, 852 (2d Cir. 2020) (affirming denial of compassionate release where § 3553(a) factors, including deterrence and public safety, outweighed rehabilitation). Granting early release would create unwarranted disparities among similarly situated defendants and understate the seriousness of Green's leadership role in a violent criminal enterprise that caused lasting harm to the community.

Thus, the Court finds that the § 3553(a) factors continue to weigh strongly against any sentence reduction.

### CONCLUSION

For the foregoing reasons, Defendant Markel Green's motion for compassionate release is DENIED. The Government is directed to serve a copy of this Opinion and Order on the appropriate facility and Defendant Markel Green, and to file proof of service on the docket. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 521, 522, and 533.

Dated: December 3, 2025
     White Plains, NY

SO ORDERED:

_____

NELSON S. ROMÁN
United States District Judge

8